# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| ALEXIS DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00048-CLC-CHS |
| | ) | |
| THE UNIVERSITY OF TENNESSEE | ) | |
| AT CHATTANOOGA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants The University of Tennessee (incorrectly identified as the University of Tennessee at Chattanooga (the "University")); the University of Tennessee Board of Trustees; and Mark Wharton, Anitra Barrett, Laura Herron, Gracie Thurson, Kevin Rodriguez, Leland Mallory, and Evan Wilson, current and former employees of UTC, (collectively, "University Employee Defendants" or "UED"), by and through the University of Tennessee's Office of the General Counsel, in answering Plaintiff's complaint, state as follows:

## RESPONSE TO NUMBERED PARAGRAPHS

1.      For response to paragraph 1 of the Complaint, Defendants deny liability to Plaintiff arising from her allegations of civil rights violations and negligence.  Defendants further admit that Plaintiff alleges she sustained a traumatic brain injury on March 7, 2025, during a workout. All other allegations of paragraph 1 of the Complaint are denied.

2.      Defendants deny the allegations of paragraph 2.

3.      Defendants deny liability to Plaintiff under any of the federal statutes cited in paragraph 3.  Further, Plaintiff's claims under "pendent state tort laws" are subject to dismissal

because they are barred by the Eleventh Amendment and because the Tennessee Claims Commission has exclusive jurisdiction over tort claims against the University and the UEDs. See Tenn. Code Ann. § 9-8-307(a)(1). Allegations. Further, Plaintiff has waived the right to bring tort claims in this forum because she has separately filed a claim in the Tennessee Claims Commission based on the same acts or omissions alleged in this Complaint. *See* Tenn. Code Ann. § 9-8-307(b).

4. For response to paragraph 4, Defendants admit that this Court has subject-matter jurisdiction over Plaintiff's federal claims. Defendants deny that this Court has subject-matter jurisdiction over Plaintiff's tort claims under Tennessee law because the Tennessee Claims Commission has exclusive jurisdiction over those claims. See Tenn. Code Ann. § 9-8-307(a)(1).

5. For response to paragraph 5, Defendants admit Plaintiff has submitted a notice of claim with the Tennessee Division of Claims and Risk Management, which is currently pending before the Tennessee Claims Commission ("TCC"), *Alexis M. Daniel v. State of Tennessee*, Claim No. T20262173-1. As a result, Plaintiff has waived her right to bring those claims in this forum. See Tenn. Code Ann. § 9-8-307(b). Thus, Defendants deny that this Court has supplemental jurisdiction over Plaintiff's state tort claims.

6. For response to paragraph 6, Defendants admit that this Court is the proper venue.

7. Defendants admit the allegations of paragraph 7.

8. Defendants admit the allegations of paragraph 8 but deny liability to Plaintiff under any theory of liability.

9. Defendants admit that the Board of Trustees oversees the University. The remaining allegations are denied as stated.

10. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 10 because the meaning of "all relevant times" is vague and ambiguous.

2

Defendants admit that the UEDs are state employees who were acting at all times in the course and scope of their employment. As a result, the UEDs are absolutely immune from liability for Plaintiff's claims under Tennessee law. *See* Tenn. Code Ann. § 9-8-307(h). The remaining allegations are denied as stated.

11. Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 11 relating to communications between Defendant Busey and Defendant Rodriguez about travel for competition or a requirement that Plaintiff perform a mandatory workout on Friday, March 7, 2025. Defendants admit that Defendant Rodriguez prepared a workout for Plaintiff to complete on March 7, 2025. All remaining allegations of paragraph 11 are denied.

12. Defendants admit that Defendant Rodriguez was absent from the UTC campus on or about March 7, 2025, and that he prepared workouts for Plaintiff Daniel to perform in his absence. All remaining allegations of paragraph 12 are denied.

13. Defendants admit the averment of paragraph 13.

14. For response to paragraph 14, Defendants admit that the facility doors were inadvertently unlocked and that a staff person who would have unlocked the facility and been present for workouts arrived shortly after 7:00 a.m. By way of further response, it is expressly prohibited for student-athletes to enter the facility and work out without a staff member present, and notice of this is provided in several ways, including posted signs. The remaining allegations of paragraph 14 are denied.

15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

3

18.     Defendants deny the allegations of paragraph 18.

19.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 19 and, therefore, deny those allegations.  The remaining allegations are denied as stated.

20.     Defendants admit that Plaintiff sent a text message to Defendant Thurson on Saturday, May 9, 2025.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 20 and, therefore, deny those allegations. The remaining allegations are denied as stated.

21.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 21 and, therefore, deny those allegations.  The remaining allegations are denied as stated.

22.     Defendants admit that Defendant Murray communicated with Plaintiff Daniel on or around the date and time stated; however, University Defendants lack sufficient knowledge or information sufficient to admit or deny all remaining allegations in paragraph 22.

23.     Defendants admit that the text messages and phone communications occurred as alleged.  Defendants deny all remaining allegations in paragraph 23.

24.     Defendants lack sufficient knowledge to admit or deny that Plaintiff traveled to her home state to "seek out-of-pocket medical care" and, therefore, deny those allegations.  Defendants deny all remaining allegations in paragraph 24.

25.     Defendants admit that Plaintiff and Defendant Thurson communicated with one another between March 9 and March 28, 2025.  Defendants deny all remaining allegations in paragraph 25.

26.     Defendants admit that the UTC medical staff evaluated Plaintiff on March 29, 2025. Defendants deny all remaining allegations in paragraph 26.

27. Defendants lack sufficient knowledge or information to admit or deny Plaintiff's allegations regarding her conversation with Defendant Thurson and, therefore, deny those allegations. Defendants deny all remaining allegations in paragraph 27.

28. Defendants admit that they revoked Plaintiff's access to athletic facilities while they awaited her medical clearance. Defendants deny all remaining allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants admit that Defendants Murray and Busey communicated with the "Travel Team" through WhatsApp and that Plaintiff was not included in this group. Defendants deny all remaining allegations in paragraph 31.

32. Defendants admit that Plaintiff and Defendant Murray exchanged text messages as alleged. Defendants deny all remaining allegations in paragraph 32.

33. Defendants admit that Plaintiff reported her alleged injury to UTC administration on or about April 18, 2025. Defendants deny all remaining allegations in paragraph 33.

34. Defendants admit that the University authorized an athletic housing scholarship to Plaintiff during her recovery from her alleged injury. Defendants deny all remaining allegations in paragraph 34.

35. Defendants admit that Plaintiff did not accept this scholarship in her MyMocsNet portal and that no scholarship agreement was signed. Defendants deny all remaining allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants admit that the University did not pay for Plaintiff's unauthorized medical visits to an outside physician. Defendants deny all remaining allegations in paragraph 37.

5

38.     Defendants admit that the University paid for Plaintiff's physical therapy. Defendants deny all remaining allegations in paragraph 38.

39.     Defendants incorporate their admissions and denials in paragraphs 1 through 38 as if stated herein.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants incorporate their admissions and denials in paragraphs 1 through 42 as if stated herein.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants incorporate their admissions and denials in paragraphs 1 through 45 as if stated herein.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants deny that any action by any UED was willful, malicious, criminal, or for personal gain that would remove their absolute immunity under Tennessee Code Annotated section 9-8-307(h).  Defendants further deny that any UED violated a clearly established constitutional right that would remove their qualified immunity.  Defendants deny all allegations in the sub-parts to paragraph 50.

51.     Defendants deny that Plaintiff is entitled to any of the relief requested in the section headed "Prayer for Relief," or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

52.     Plaintiff Daniel has failed to state a claim upon which relief may be granted.

53.     To the extent Plaintiff Daniel seeks relief under an alleged "negligence action" referenced in paragraph 1, it is waived against UED Defendants pursuant to Tennessee Code Annotated section 9-8-307(b) and (h) and is improperly before this Court pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

54.     Plaintiff Daniel's claims are barred in whole or in part by the doctrine of comparative fault adopted by the Tennessee Supreme Court in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992), to the extent she has attempted to plead negligence or other tort claims for which the State of Tennessee has waived sovereign immunity.

55.     Plaintiff's claims for monetary damages against the UEDs are barred by the doctrine of qualified immunity.

56.     Plaintiff Daniel has failed to properly plead allegations of acts of the UEDs outside the course and scope of their employment.  Plaintiff Daniel has further failed to properly plead allegations evidencing willful, malicious, or criminal acts or omissions, or acts of personal gain, against UEDs.  Accordingly, such negligence and other tort claims should be dismissed pursuant to Tenn. Code Ann. §§ 9-8-307(b) and (h).

57.     Plaintiff's state-law claims are barred by the 11th Amendment to the United States Constitution.

58.     University Defendants reserve the right, subject to the Court's approval, to amend this Answer to the Complaint as additional facts may be revealed in discovery.

WHEREFORE, having answered the Complaint, Defendants respectfully request that Plaintiff's claims be denied, her Complaint dismissed, and University Defendants be awarded their

7

costs of litigation, attorneys' fees, and any and all other relief to which the Court may find them entitled.  Defendants respectfully request a jury.

Respectfully submitted this 2nd day of June, 2026.

/s/Paul E. Wehmeier
Paul E. Wehmeier (BPR #030400)
The University of Tennessee
Office of General Counsel
505 Summer Place – UT Tower 1108
Knoxville, TN  37902
(865) 974-2865
paulwehmeier@tennessee.edu

*Counsel for Defendants University of Tennessee Mark Wharton, Anitra Barrett, Laura Herron, Gracie Thurson, Kevin Rodriguez, Leland Mallory, and Evan Wilson*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

/s/Paul E. Wehmeier
Paul E. Wehmeier (BPR #030400)

8